| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

REBECCA JOSEPH, Individually and on §
Behalf of All Similarly Situated Texas §
Residents, §
　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　Plaintiff, 　　　　　　　§
　　　　　　　　　　　　　　　　　§
*versus*　　　　　　　　　　　　　§　　CIVIL ACTION NO. 1:08-CV-077
　　　　　　　　　　　　　　　　　§
UNITRIN, INC., TRINITY UNIVERSAL §
INSURANCE COMPANY, RELIABLE 　§
LIFE INSURANCE COMPANY, and 　　§
CAPITOL COUNTY MUTUAL FIRE 　　§
INSURANCE COMPANY,　　　　　　 §
　　　　　　　　　　　　　　　　　§
　　　　　Defendants.　　　　　　　§

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Rebecca Joseph's ("Joseph") Motion to Remand (#9). Joseph seeks remand to state court of her lawsuit alleging class action claims against Defendants Unitrin, Inc., ("Unitrin"), Trinity Universal Insurance Company ("Trinity"), Reliable Life Insurance Company ("Reliable"), and Capitol County Mutual Fire Insurance Company ("Capitol County") (collectively, "Defendants") on the grounds that the local controversy and home state exceptions to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), prevent this court from exercising subject matter jurisdiction. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I.　　Background

Joseph, a resident of Jefferson County, Texas, was the owner of Residential Policy No. 340513 issued by Capitol County. This form policy is a limited named peril policy, virtually

identical to those sold by Capitol County to thousands of Texas residents, which provides coverage for damage to dwellings, household goods, and wearing apparel caused by specific named perils, including fire, lightning, explosion, riot or civil commotion, aircraft, vehicles, smoke, burglary, windstorm, hurricane, and hail.  The policy is issued on a "monthly continuous premium payment plan basis" and generally continues in force from month-to-month provided the policyholder pays the monthly premium by a specified date each month.  The policy contains a section entitled "Cancellation," however, which states, "[Capitol County] may cancel this policy by giving [the policyholder] 10 days written notice."  In accordance with this provision, Capitol County provided notice to Joseph and other policyholders on May 29, 2007, that it intended to "non-renew" their policies effective July 2007.

On June 14, 2007, Joseph filed her original petition in the 58th Judicial District Court of Jefferson County, Texas, on behalf of herself and other similarly situated Texas residents, asserting claims against Capitol County for violations of the Deceptive Trade Practices Act and the Texas Insurance Code, breach of contract, unjust enrichment, and civil conspiracy.  Joseph seeks to represent all policyholders who paid premiums to Capitol County for residential limited named peril insurance coverage in Texas from November 2006 through June 2007 and whose policies have been cancelled.  On January 9, 2008, after further information was gleaned through discovery, Joseph added Unitrin and its subsidiaries, Reliable and Trinity, as defendants.  All five positions on Capitol County's board of directors are held by Unitrin employees.  Additionally, Reliable conducts the daily operations of Capitol County, and, pursuant to a quota share reinsurance agreement, Trinity has assumed Capitol County's business.  For these reasons, Joseph

alleges that Capitol County serves merely as a shell to offer protection to Unitrin and its subsidiaries.

On February 8, 2008, Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446, stating that the court has original jurisdiction over the action under CAFA. On April 18, 2008, Joseph filed a motion to remand, contending that two CAFA jurisdictional exceptions deprive the court of subject matter jurisdiction. Specifically, Joseph argues that the local controversy exception, 28 U.S.C. § 1332(d)(4)(A), prevents the court from exercising jurisdiction because greater than two-thirds of the proposed plaintiff class are citizens of Texas and a significant defendant, Capitol County, is a citizen of Texas. Moreover, Joseph asserts that the principal injuries resulting from Defendants' conduct were sustained in Texas and no other factually similar class actions were filed against any of the defendants in the three years immediately preceding the filing of her action. In the alternative, Joseph alleges that the home state jurisdictional exception, 28 U.S.C. § 1332(d)(4)(B), applies because greater than two-thirds of the proposed plaintiff class and the primary defendant, Capitol County, are citizens of Texas.

In response, Defendants contend that Joseph has failed to provide sufficient proof that more than two-thirds of the proposed plaintiff class are citizens of Texas. Further, Defendants assert that Capitol County is not a significant defendant as contemplated by 28 U.S.C. § 1332(d)(4)(A) because Joseph does not seek significant relief from Capitol County and Capitol County's conduct does not form a significant basis of her claims. Moreover, Defendants argue that 28 U.S.C. § 1332(d)(4)(B) is not controlling, as not all of the primary defendants in this case are citizens of Texas.

II.     Analysis

    A.     General Standard for Removal

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388; *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Howery*, 243 F.3d at 919. "This extends

4

not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp. Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981); *accord Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323; *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002); *Manguno*, 276 F.3d at 723.

"Courts will, however, typically look beyond the face of the complaint to determine whether removal is proper." *Frank*, 128 F.3d at 922 (citing *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976)); *see Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955 (1992). It is well-settled that the removability of an action cannot be defeated by artful or disguised pleading. *See Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

B.  The Class Action Fairness Act

Enacted by Congress in 2005, CAFA greatly expands federal jurisdiction over interstate class action lawsuits. *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 711 n.47 (5th Cir. 2008); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc. ("Preston II")*, 485 F.3d 804, 810 (5th Cir. 2007); *Werner v. KPMG, L.L.P.*, 415 F. Supp. 2d 688, 691 (S.D. Tex. 2006). "Because interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, [Congress] firmly believes that such cases properly belong in federal court." S. REP. NO. 109-14, at 4 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 5. Accordingly, CAFA grants the federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exits between the parties (*i.e.*, at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities. 28 U.S.C. § 1332(d)(2), (5); *see also In re Katrina Canal Litig. Breaches*, 524 F.3d at 706; *Preston II*, 485 F.3d at 810; *Werner*, 415 F. Supp. 2d at 694. Additionally, CAFA facilitates removal of actions originally filed in state court by eliminating both the need for unanimous consent among all defendants and the one-year removal deadline. *See* 28 U.S.C. § 1453(b); *Preston II*, 485 F.3d at 810.

Nonetheless, federal courts must decline jurisdiction over a proposed class action if either of the following narrow exceptions is proven by a preponderance of the evidence: (1) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A); or (2) the home state exception, 28 U.S.C. § 1332(d)(4)(B). Pursuant to the local controversy exception, the district court "shall decline to exercise jurisdiction":

      (i)     over a class action in which—
- (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
- (II) at least 1 defendant is a defendant—
  - (aa) from whom significant relief is sought by members of the plaintiff class;
  - (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
  - (cc) who is a citizen of the State in which the action was originally filed; and
- (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

      (ii)    during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A). Similarly, the home state exception prevents a federal district court from exercising subject matter jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(B). Here, although Joseph concedes that Defendants have demonstrated the general requirements necessary to remove this potential class action to federal court, she contends that the local controversy and home state exceptions direct this court to decline subject matter jurisdiction.

      C.     <u>Burden of Proof Under the Class Action Fairness Act</u>

"CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 n.3 (11th Cir. 2006); *see also Werner*, 415 F. Supp. 2d at 695. Once jurisdiction has been established preliminarily under CAFA, however, the objecting party bears the burden of proving by a preponderance of the evidence the applicability of any claimed

jurisdictional exceptions. *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc. ("Preston I")*, 485 F.3d 793, 797 (5th Cir. 2007); *Frazier v. Pioneer Americas, L.L.C.*, 455 F.3d 542, 546 (5th Cir. 2006); *Bennett v. Board of Comm'rs for the E. Jefferson Levee Dist.*, No. Civ. A. 07-3130, 07-3131, 2007 WL 2571942, at *3 (E.D. La. Aug. 31, 2007). "This result is supported by the reality that plaintiffs are better positioned than defendants to carry this burden." *Frazier*, 455 F.3d at 546; *accord Preston II*, 485 F.3d at 813. Moreover, "longstanding § 1441(a) doctrine placing the burden on plaintiffs to show exceptions to jurisdiction buttresses the clear congressional intent to do the same with CAFA." *Frazier*, 455 F.3d at 546; *accord Preston II*, 485 F.3d at 813.

"'The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction.'" *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *accord Preston II*, 485 F.3d at 817. The court may rely on the facts alleged in the complaint or request further evidence from either party when determining if a plaintiff has established the applicability of a CAFA jurisdictional exception. *See, e.g., Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 463 F. Supp. 2d 583, 592-93 (E.D. La. 2006) (district court ordered the defendants to produce additional evidence regarding the citizenship of the putative class). Indeed, when making CAFA jurisdictional determinations, Congress contemplated that "a federal court may have to engage in some fact-finding, not unlike what is necessitated by the existing jurisdictional statutes." S. REP. NO. 109-14, at 44; *accord Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 460 (D.N.J. 2007). Congress cautioned, however, that jurisdictional determinations "should be made largely on the basis of readily available information." S. REP. NO. 109-14, at 44; *accord Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 692 (9th Cir. 2006); *Hirschbach*, 496 F. Supp. 2d at 460.

D.   Local Controversy Exception

Joseph first claims that the court must decline to exercise subject matter jurisdiction in the above-styled case pursuant to the local controversy exception.  In her motion to remand, Joseph argues that all elements necessary to demonstrate the applicability of this exception have been established.  Defendants do not dispute that the principal injuries alleged in this matter were purportedly sustained in Texas nor do they contend that a factually similar class action has been filed in the three-year period immediately preceding the filing of this lawsuit.  Defendants, however, insist that Joseph has failed to meet her burden to demonstrate that more than two-thirds of the proposed plaintiff class are citizens of the State of Texas and to establish that a named defendant is both a Texas citizen and of sufficient significance to invoke the local controversy exception.

1.   Citizenship of Proposed Class

Citizenship, for purposes of proving an exception to CAFA, must be analyzed as of the date the complaint or amended complaint was filed.  28 U.S.C. § 1332(d)(7); *Preston I*, 485 F.3d at 798; *Martin v. Lafon Nursing Facility*, 548 F. Supp. 2d 268, 271 (E.D. La. 2008).  "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."  *Preston I*, 485 F.3d at 797 (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)); *see also Preston II*, 485 F.3d at 814; *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 367 (E.D. La. 2007).  "Domicile requires the demonstration of two factors: residence and the intention to remain."  *Preston I*, 485 F.3d at 798; *see also Preston II*, 485 F.3d at 815; *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003).  Residence alone is not the equivalent of domicile.  *Preston II*, 485 F.3d at 815 (citing *Mas*

*v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)); *Preston I*, 485 F.3d at 798; *Glover v. Applebee's Int'l, Inc.*, No. 5:07-CV-61, 2007 WL 2428001, at *2 n.1 (E.D. Tex. 2007).  Evidence of a person's place of residence, however, is prima facie proof of his domicile. *Preston I*, 485 F.3d at 799 (citing *Stine*, 213 F.2d at 448); *Martin*, 548 F. Supp. 2d at 273 n.22. Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Preston I*, 485 F.3d 798; *see also Acridge*, 334 F.3d at 448.

Defendants argue that Joseph has provided insufficient evidence to demonstrate that greater than two-thirds of the members of the proposed plaintiff class reside in Texas and intend to remain there. As set forth in her second amended petition, however, Joseph, an individual who resides in Texas, brings this action "individually and on behalf of all similarly situated Texas residents." She maintains that she is serving as a class representative for all policyholders who paid premiums to Capitol County for residential insurance coverage in Texas from November 2006 through June 2007 and whose policies were cancelled by Defendants. As in *Bennett*, there is no indication of a mass exodus of more than one-third of these persons from Texas between June 2007, when coverage ceased and the original petition was filed, and January 9, 2008, when the amended petition was filed. 2007 WL 2571942, at *5. Because the putative class members are all alleged to be Texas residents, logic dictates that their homes, and by extension, their domicile, remain in Texas.

Courts have acknowledged that where, as here, a proposed class is discrete in nature, a common sense presumption should be utilized in determining whether citizenship requirements have been met. *See Bennett*, 2007 WL 2571942, at *4; *Caruso*, 469 F. Supp. 2d at 368.  For example, in *Caruso*, the plaintiffs sought to represent a class that included all Louisiana

homeowners who had purchased homeowner's policies from one of six insurance companies named as defendants to the action. *Id*. at 367. Because owning a home is an indicium of a person's domicile, the court held that the plaintiff's own characterizations of the class, particularly plaintiffs' assertions that they represented a class of individuals covered by homeowner's policies for homes located in Louisiana, created a reliable presumption that the class was comprised of Louisiana citizens. *Id.*; *see also Coury*, 85 F.3d at 251 (listing the place where a person owns real and personal property as factors traditionally considered when determining a person's domicile); *Dunham v. Coffeyville Res., L.L.C.*, No. 07-1186-JTM, 2007 WL 3283774, at *3 (D. Kan. Nov. 6, 2007) (finding that plaintiffs' characterization of class as "residents, domiciliaries, and property owners of Coffeyville, Kansas" demonstrated its local nature). As the court explained in *Caruso*, "[a]lthough there well may be proposed classes where detailed proof of the two-thirds citizenship requirement is required, the Court finds that common sense should prevail in this closed-end class involving people who, as noted, hold an asset that is a measure of domicile, their home." 469 F. Supp. 2d at 368.

Here, common sense likewise suggests that the proposed plaintiff class meets the local controversy exception's citizenship requirement. Joseph has styled her petition in a manner that inherently characterizes potential plaintiffs as residents of Texas. Moreover, in her motion to remand, Joseph asserts that all plaintiffs are Texas homeowners. Indeed, it is undisputed that Capitol County, a citizen of Texas, which is organized as a county mutual under the laws of the State of Texas, issues homeowner's policies only in Texas. As these policies cover both the policyholder's residence and household effects, it can be assumed that members of the putative class own both real and personal property in Texas. In light of these factors and the discrete

nature of the proposed class, Joseph need not provide additional evidence in order to demonstrate that more than two-thirds of the potential plaintiffs are Texas citizens. Rather, the court finds that Joseph's characterization of the proposed class is sufficient at this stage of the proceedings to establish that the requisite percentage of class members are citizens of the forum state.

### 2. Significance of Local Defendant

In addition to demonstrating that the requisite number of class members are citizens of Texas, Joseph has also shown that at least one local defendant is "significant," as contemplated by CAFA's local controversy exception. To invoke this exception, CAFA requires that at least one named defendant be a defendant from whom "significant relief" is sought, whose conduct forms a "significant basis" for the claims asserted by the proposed plaintiff class, and who is a citizen of the state in which the action was filed. 28 U.S.C. § 1332(d)(4)(A)(II).

#### a. Significant Relief

A proposed plaintiff class seeks "significant relief" from a particular defendant when the relief sought from that defendant constitutes a significant portion of the entire relief sought by the class. *Evans*, 449 F.3d at 1167; *Phillips v. Severn Trent Envtl. Servs., Inc.*, No. 07-3889, 2007 WL 2757131, at *3 (E.D. La. Sept. 19, 2007)*; Escoe v. State Farm Fire & Cas. Co.*, No. 07-1123, 2007 WL 1207231, at *2 (E.D. La. Apr. 23, 2007); *Caruso*, 469 F. Supp. at 368. "[W]hether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Robinson v. Cheetah Transp.*, No. 06-0005, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006); *accord Escoe*, 2007 WL 1207231, at *2. A defendant should not be deemed

significant when only a few class members have claims against that defendant. *Phillips*, 2007 WL 2757131, at *3; *see also Escoe*, 2007 WL 1207231, at *2 (finding that an insurance agent who sold policies to only a fraction of the class members was not a significant defendant). Similarly, a defendant is not significant "when the relief sought (or reasonably expected) from a particular defendant is 'just small change' in comparison to what the class is seeking from other co-defendants." *Phillips*, 2007 WL 2757131, at *3; *see also Robinson*, 2006 WL 468820, at *4 (finding that a tractor-trailer driver who caused an accident was insignificant when compared to major corporate defendants).

In the case at bar, the proposed class seeks significant relief from Capitol County, whom the parties agree is a Texas citizen.[1] First, Joseph points out that all potential plaintiffs have claims against Capitol County. Each member of the putative class purchased a policy from Capitol County, paid monthly premiums to Capitol County, and was later notified by Capitol County that the coverage was being non-renewed. As such, Joseph's second amended petition claims that every potential plaintiff is entitled to relief from this defendant. Secondly, the damages sought from Capitol County appear to be significant when compared to what the class is seeking from co-defendants. The proposed class seeks to collect damages from all the defendants jointly and severally. Unlike the individual tractor-trailer driver named as a defendant in *Robinson*, nothing suggests that Capitol County, an insurance company, has less ability to pay damages than the other

---

[1] It is unclear whether Reliable and Trinity are also Texas citizens. In her second amended petition, Joseph describes Reliable as an "insurance company licensed to do business in Texas." Moreover, Trinity is described as a "Texas insurance company." Joseph, however, never claims that these entities satisfy the local controversy's significant local defendant requirement. Likewise, Defendants do not discuss the citizenship or significance of these parties. Accordingly, although it appears that Reliable and/or Trinity may meet CAFA's local defendant criteria, the court will focus its assessment, as do the parties, on Capitol County.

13

defendants. *See* 2006 WL 468820, at *4. Moreover, Joseph's decision to include other members of the corporate structure as defendants in an effort to maximize the recovery does not mean that the class is not seeking the full panoply of damages from Capitol County in the first instance.

Similarly, in *Phillips*, there was no indication that only a subset of the putative class members was seeking relief from Plaquemines Parish, the only local defendant. 2007 WL 2757131, at *3. Additionally, the court found, "[a]t this early stage in the litigation, it is impossible to say that the damages sought from Plaquemines Parish are insignificant when compared to the damages sought from [other defendants]." *Id*. Accordingly, the court held that the putative class was seeking significant relief from at least one in-state defendant, Plaquemines Parish. *Id*. Likewise, in the case at bar, at this juncture of the litigation, the court finds that the putative class is seeking significant relief from Capitol County.

b. Significant Basis

Few courts have addressed the local controversy's requirement that at least one in-state defendant's conduct must form a "significant basis" for the claims asserted by the putative class. The limited number of courts that have considered this CAFA provision have focused their evaluation on a comparison of the alleged role played by a particular defendant with the roles of other named co-defendants. *Caruso*, 469 F. Supp. at 369; *see Evans*, 449 F.3d at 1167 (holding that there was insufficient evidence to determine if the defendant "played a significant role . . . as opposed to a lesser role, or even a minimal role"); *Cox v. Allstate Ins. Co.*, No. Civ. 07-1449-L, 2008 WL 2167027, at *4 (W.D. Okla. May 22, 2008) (finding that defendant was not significant because he sold less than two percent of the policies at issue, did not deal directly with the named plaintiff or issue the allegedly fraudulent policies, and had no involvement in the

14

purportedly fraudulent claims process); *Kearns v. Ford Motor Co.*, No. CV-05-5644, 2005 WL 3967998, at *36-37 (C.D. Cal. Nov. 21, 2005) (indicating that an insurance agent merely in charge of marketing, processing applications, and handling billing is insignificant when compared to an insurance company alleged to be the party that promulgated and oversaw the purported fraudulent misrepresentations).

Defendants insist that Capitol County's role in Joseph's action should be deemed minimal when compared to the roles played by the other named defendants. Pointing to language in Joseph's second amended petition, Defendants contend that Joseph has admitted that the role played by Capitol County is not significant. In her complaint, Joseph alleges that the cancellation of class members' policies was a "calculated move masterminded by Unitrin and its subsidiaries in an effort to recover losses by Defendants and at the same time effectively not provide insurance for the premiums being paid by Plaintiffs." Defendants assert that because Capitol County's purported activities were taken at the behest of Unitrin, Reliable, and Trinity, its conduct cannot form a significant basis of Joseph's claims.

The court, however, is unpersuaded by Defendants' arguments. As an initial matter, it seems that Defendants have confused the burden that must be met to prove significance with what must be met to prove primacy in order to invoke the home state exception to CAFA jurisdiction. As the *Caruso* court explained:

> Clearly, CAFA intended there to be a substantive difference between "primary defendants" and "significant defendants" as contemplated by the two exceptions to the exercise of jurisdiction under the statute. The dictionary definition of "primary" includes "first in importance; chief; principal; main." By contrast, the dictionary definition of "significant" includes "important." These definitions appear particularly apt in the context of CAFA, meaning that a significant defendant is of less importance than a primary defendant. Additionally, a

> significant defendant is obviously one who is something more than "insignificant," which is defined as "having little or no importance" or "trivial.

469 F. Supp. 2d at 368 (quoting WEBSTER'S NEW WORLD COLLEGE DICTIONARY 1140 (4th ed. 1999)).

Moreover, without regard to the ultimate origin of the directive not to renew policy coverage, Capitol County appears to have played more than a trivial role in the claims alleged by Joseph in this proposed class action. As previously noted, Capitol County is the sole defendant that issued insurance policies to the plaintiffs, collected premiums (primarily in person) on a monthly basis, and notified potential class members that it intended not to renew their coverage. Indeed, it appears that Capitol County is the only named defendant with which Joseph and the putative class members had contact before the institution of this lawsuit.

Capitol County is also the only defendant in contractual privity with the plaintiffs. The insurance policy at issue here was executed solely between members of the plaintiff class and Capitol County. The policy describes the insuring agreement, stating "[w]e will provide the insurance agreement described in this policy in return for the premium and compliance with all applicable provisions of the policy." The policy further explains that "we," as used throughout the agreement, refers to Capitol County. No mention is made of the other defendants named in Joseph's complaint. In fact, Unitrin, Reliable, and Trinity are never identified anywhere in the policy. Thus, Capitol County appears to be the only defendant that could potentially be held liable for breach of the insurance contract.

Additionally, Capitol County is alleged to be the conduit through which Unitrin, Reliable, and Trinity engaged in a civil conspiracy to violate the Texas Deceptive Trade Practices Act and the Texas Insurance Code. In the relevant policy between Capitol County and members of the

16

putative class, Capitol County acknowledges that it "operates under Chapter 17 of the Texas Insurance Code." It is unclear whether the other defendants (particularly Unitrin, which is a foreign corporation) are likewise constrained by Texas insurance regulations. In light of these facts, it is apparent that the actions of Capitol County form a significant basis of the claims alleged.

E.   Home State Exception

Joseph alternatively contends that the court is prevented from exercising subject matter jurisdiction in the above-styled case pursuant to CAFA's home state exception. Having determined that Joseph may properly invoke the local controversy exception, however, the court finds it unnecessary to discuss the potential applicability of any additional jurisdictional exceptions. Thus, the court declines to consider whether Joseph has met the requirements of CAFA's home state exception.

III.   Conclusion

An evaluation of the relevant facts and controlling law reveals that this court lacks subject matter jurisdiction over this action. Although, at first blush, jurisdiction arguably exists under CAFA, Joseph has demonstrated the applicability of the local controversy exception. The court, therefore, is of the opinion that remand is warranted. Accordingly Joseph's Motion to Remand is GRANTED.

SIGNED at Beaumont, Texas, this 11th day of August, 2008.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE